## SANDFORD v. NORRIS.

### March, 1867.

One who, pursuant to verbal agreement with another, purchases land, for the benefit of the latter, and advances the price and takes a conveyance in his own name, can not interpose the statute of frauds to defeat the claim of the other to enforce the trust arising from the transaction.*

* See Dodge v. Wellman, vol. 1 of this series, p. 512, and Levy v. Brush, 45 N. Y. 589, reversing 8 Abb. Pr. N. S. 418 ; Carr v. Carr, 52 N. Y. 271, affirming 4 Lans. 314.

Sandford *v.* Norris.

Joseph Sandford and Sarah E. Sandford brought this action against Noah Norris and others, in the supreme court, for surrender of a bond and mortgage and an injunction against collecting them.

At the request of Mrs. Sandford, the defendant Norris agreed with her that he would attend an auction sale of the premises in which the plaintiffs lived, made by the assignees for benefit of creditors of her husband, and would purchase the premises in his own name, for her, and convey to her on being repaid his bid. He made the purchase for the sum of twenty dollars, and subject to incumbrances.

He then fraudulently took a deed in his own name; and subsequently, with the consent of Mrs. Sandford, the property was sold for two thousand dollars, over all incumbrances, one thousand dollars being paid in cash, which Mrs. Sandford received, and the remainder in a mortgage which Norris the defendant received, and refused to transfer, denying the trust and claiming that the purchase was for himself.

Judgment was rendered for the plaintiff for eight hundred and sixty-four dollars and seven cents, with interest and costs; the sum which the defendants had collected on the mortgage over and above expenses.

*The supreme court,* at general term, affirmed the decision of DAVIES, J., who had given judgment for plaintiffs, on the authority of Brown *v.* Lynch, 1 *Paige,* 147.

The defendant appealed to this court.

*A. W. Bradford,* for defendant, appellant.

*S. P. Nash,* for plaintiffs, respondents.

BY THE COURT.—BOCKES, J.—The defendant obtained title to the premises under an arrangement with the plaintiff, Mrs. Sandford, by which he was to purchase the property for her benefit.

---

In TOMLINSON *v.* MILLER (Sept. 1867), the same subject came before the court, but the court were not agreed on the merits, and ordered a new trial for error in disregarding a familiar rule of evidence. A further decision on the merits in that case is reported in 7 *Abb. Pr. N. S.* 364.

He paid the trifling sum of twenty dollars, and within a few months afterward, sold for two thousand dollars. He allowed Mrs. Sandford to have one thousand dollars of the advance, but refused to recognize her right to the remainder, and defends this action for such balance on the ground that the arrangement with Mrs. S., under which he took the title, was void by the statute of frauds.

The circumstances attending his purchase are not obscured in the least by any doubts, either as regards the facts or their moral bearing; nor is any excuse or apology offered for his violated faith; and the simple question presented to this court, is, whether the fruits of his perfidy are secured to him by a law having for its object the prevention of frauds.

It stands indisputably proved that the defendant obtained this title on the pretense that he was purchasing for Mrs. Sandford, as a friendly act to her, and under agreement with her that he would take and hold the title for her benefit. Having thus obtained the title himself, he claims and insists that he is under no legal obligation to carry out the arrangement, because it is not evidenced by a writing, and that he may violate the trust and confidence reposed in him with impunity.

But the law will not give its aid in support of a wrong and fraud so flagrant. If the question could ever have been considered open for discussion, it must now be deemed settled by the recent decision of this court in Ryan *v.* Dox (34 *N. Y.* 307), wherein the equitable principle is recognized as the established law of this State, that "equity will at all times lend its aid to defeat a fraud, notwithstanding the statute of frauds."

The case cited is very nearly the counterpart of this under consideration; where the defendant purchased on a mortgage sale, at an inadequate price, under an agreement with the mortgagor that the purchase should be for the benefit of the latter; and it was held that he was to be deemed the trustee of the party for whom he undertook the purchase, and that it was no objection that the agreement was not in writing. In the opinion in that case the learned chief judge has fully discussed the question, here again presented, on principle and authority, and alludes approvingly to the disposition of this

case at general term. The cases of Morey *v.* Herrick, 18 *Penn. St.* 128, and of Soggins *v.* Heard, 31 *Miss.* (2 *Geo.*) 426, are also directly in point. The decision in Ryan *v.* Dox renders further consideration of this case quite unnecessary.

The judgment should be affirmed.

All the judges concurred, except HUNT, J., who dissented.

Judgment affirmed, with costs.